INQUIRY COMMISSION, Movant

v.

**Louis M. SMITH, Jr., Respondent.**

No. 2007–SC–000941–KB.

Supreme Court of Kentucky.

March 20, 2008.

***OPINION AND ORDER***

This opinion deals with a request by the Inquiry Commission to temporarily suspend Louis Milton Smith, Jr., Member No. 66021, from the practice of law pursuant to SCR 3.165(1)(a). The Respondent's Bar Roster Address is 4350 Brownsboro Road, Suite 110, Louisville, Kentucky 40207. Upon review of the complaint with its attachments, this Court is of the opinion that probable cause exists to believe that the Respondent has been misappropriating client funds. Therefore, a temporary suspension from the practice of law is warranted.

This matter originated out of a bar complaint filed by Barbara McDonald, daugh-

ter of Emily E. Strange, on March 22, 2006. According to the sworn complaint, Strange was born on January 12, 1908 and is currently residing in a nursing home in Louisville, Kentucky. The Respondent had been representing Strange. On August 28, 1996, Strange gave the Respondent a power of attorney to handle her affairs. At that time, Strange owned an unencumbered residence in Louisville and liquid assets of about one million dollars. The residence was sold for $108,000.00 on June 7, 2002. On July 28, 2002, McDonald borrowed $150,000.00 from her mother, Strange (through Respondent), to buy a home in New Jersey. McDonald made payments of approximately $2,500.00 a month on the loan to the Respondent. At one time, McDonald made an extra payment on the loan of $10,000.00.

On February 24, 2006, a social worker called McDonald to advise her that her mother, Strange, owed about $19,000.00 for unpaid nursing home bills. After contacting the nursing home director, McDonald was told by the director that the Respondent had informed him that Strange was out of money and was on Medicaid.

After frustration in not receiving adequate responses from the Respondent, McDonald hired another Louisville attorney to check into the matter. The new attorney prepared a revocation of the Respondent's power of attorney, and a new power of attorney to McDonald was executed by Strange on March 10, 2006. Armed with a power of attorney, McDonald and her attorney were able to acquire various banking and other financial records regarding Strange's accounts. From June 1, 2002 to September 30, 2003, $407,172.04 in checks were written to "Emily M. Strange REV TR". Numerous checks were also written directly to the Respondent. Dennis D. Cole, Clearwater, Florida, was listed as a

trustee of a revocable trust that the Respondent created for Strange. According to the bank where the trust account monies were deposited, there was a zero balance. An Amended Trust Agreement provides that upon the death of Strange, $95,000.00 of the trust was to go to the Respondent. Strange's life insurance policy had also been cashed in for $15,996.47 by the Respondent.

McDonald filed a complaint with the Kentucky Bar Association on March 22, 2006. Respondent filed a response on June 7, 2006, which offered no explanation for the disbursement of Strange's assets, but contested the validity of the subsequent power of attorney to McDonald. The Respondent also contended that revealing the requested information to McDonald would breach his attorney-client relationship with Strange.

McDonald filed a civil action (07–CI–0379) in the Jefferson Circuit Court seeking to ascertain the disposition of her mother's assets by the Respondent. McDonald also obtained full guardianship of her mother on February 28, 2007. In the civil action, the Respondent failed to answer interrogatories or otherwise participate in discovery, which resulted in a *judgment pro confesso* on all liability issues and a finding of contempt. The Respondent has not provided the documentation or an explanation to the court as to where the money went and for what reason.

The Inquiry Commission considered all of the above and concluded probable cause existed to believe that the Respondent has been misappropriating funds he held for Strange for his own use, or has been otherwise improperly dealing with said funds in violation of SCR 3.165(1)(a). The Inquiry Commission filed its motion for suspension before this Court, and the Respondent has not filed a response herein.

We agree with the Inquiry Commission that a temporary suspension is warranted. The Respondent received the client's power of attorney in 1996 with about one million dollars in assets. In less than ten years, all of the money seems to have disappeared, and the client is on Medicaid. Even when the circuit court ordered an accounting by the Respondent, he refused to disclose the whereabouts of the assets and the purpose of their transfer. The circuit court has threatened sanctions, including incarceration on the contempt, until such disclosures are made. We have no doubt that the circuit court has quite a task in seeking to trace the assets from the Respondent.

Accordingly, we are of the opinion that probable cause exists to believe that Louis M. Smith, Jr. has been misappropriating funds of his former client, Emily E. Strange, for either his benefit, or has been otherwise improperly dealing with said funds in violation of SCR 3.165(1)(a).

Accordingly, it is hereby ORDERED that the Respondent, Louis M. Smith, Jr.:

1. Is temporarily suspended from the practice of law until further notice; and

2. Shall, pursuant to SCR 3.165(5), notify all clients in writing of his inability to continue to represent them and shall furnish copies of all such letters to the Director of the Kentucky Bar Association; and

3. Shall, pursuant to SCR 3.165(6), to the extent reasonably possible, cancel and cease any advertising activities.

All sitting. All concur.

ENTERED: March 20, 2008.

/s/ Joseph E. Lambert
Chief Justice