Louis Milton SMITH, Jr., Movant,

v.

KENTUCKY BAR ASSOCIATION,
Respondent.

No. 2012–SC–000301–KB.

Supreme Court of Kentucky.

June 21, 2012.

### OPINION AND ORDER

Movant, Louis Milton Smith, Jr., KBA No. 66021,[1] admits to violating the Kentucky Rules of Professional Conduct and moves this Court to impose the sanction of permanent disbarment. The KBA has no objection to Smith's motion.

### I. BACKGROUND

Three KBA files were placed in abeyance pending the disposition of criminal charges against Smith. Smith now seeks to resolve all three files by his motion to resign under terms of permanent disbarment. This Court temporarily suspended Smith from the practice of law on March 20, 2008. *Inquiry Comm'n v. Smith,* 247 S.W.3d 533 (Ky.2008).

### A. KBA File 14048

After representing Emily Strange for several years, Smith was provided a power of attorney to handle her affairs in 1996. At the time, Strange owned an unencumbered residence and liquid assets worth approximately $1,000,000. In 2006, Strange's daughter, Barbara McDonald, was informed that Strange was $19,000 behind on her nursing home bill and that Smith had informed the director of the nursing home that Strange was out of money and was receiving Medicaid. After retaining an attorney and obtaining a power of attorney from Strange, McDonald learned that between June 2002 and September 2003, Smith had written checks totaling more than $400,000 to "Emily M. Strange REV TR" and had written numerous other checks directly to himself. Smith had also created a revocable trust for Strange and amended the trust agreement so that he would receive $95,000 from the trust upon Strange's death. The trust, however, had a zero balance. Smith also cashed in Strange's life insurance policy for almost $16,000.

In light of these events, McDonald filed a bar complaint and a civil action against Smith. In the civil action, McDonald obtained full guardianship of Strange and was awarded a *judgment pro confesso* on all liability issues. Smith was also found to be in contempt of court. Smith never accounted for the approximately $1,000,000 he held for Strange.

1. Smith was admitted to the practice of law in Kentucky on October 1, 1977, and his bar roster address is 4350 Brownsboro Road, Suite 110, Louisville, Kentucky 40207.

Criminal charges were brought against Smith in Jefferson Circuit Court for knowingly exploiting an adult and theft by failure to make required disposition, but those charges were dismissed when he was indicted in U.S. District Court for interstate transportation of stolen funds and wire fraud in connection with the events surrounding all three KBA files in the case at bar. Smith pleaded guilty to the federal charges.

Smith admits that his actions surrounding the mishandling and conversion of Strange's funds amount to violations of SCR 3.130–1.15(b),[2,3] 3.130–8.3(b),[4] and 3.130–8.3(c).[5]

### B. KBA Files 16339 and 16386

In spite of his temporary suspension on March 20, 2008, Smith continued to represent Laurel Clouse, executor of the estate of Charlotte Garrett, in a probate matter concerning the estate. Smith met with Clouse about the case on March 24, 2008, and filed a motion for relief in the matter on March 28, 2008. He did not inform Clouse of his suspension.

Following his federal indictment, Smith pleaded guilty to converting and diverting approximately $467,000 from Garrett's estate.

Smith admits that his actions in this matter amount to violations of SCR 3.130–1.4(b),[6] 3.130–5.5(a),[7] 3.130–8.3(b),[8] and 3.130–8.3(c).[9]

### II. DISCIPLINE

Based on his admitted ethical violations, Smith requests that this Court grant him leave to resign from the KBA under terms of permanent disbarment. We agree that Smith's motion to withdraw his membership is appropriate pursuant to SCR 3.480(3). Therefore, it is hereby ORDERED that:

1. Louis Milton Smith, Jr. is permanently disbarred from the practice of law; and

2. In accordance with SCR 3.450, Smith shall pay all costs associated with these proceedings, said sum being $508.49, for which execution may issue from this Court upon finality of this Opinion and Order; and

3. Pursuant to SCR 3.390, Smith shall, within ten (10) days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his disbarment from the practice of law; and furnish copies

---

**2.** All cited rules are those in effect prior to the amendments of July 15, 2009.

**3.** SCR 3.130–1.15(b) provides, in pertinent part, that "[u]pon receiving funds or other property in which a client or third person has an interest, a lawyer ... upon request by the client or third person, shall promptly render a full accounting regarding such property."

**4.** SCR 3.130–8.3(b) provides that it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

**5.** SCR 3.130–8.3(c) provides that it is professional misconduct for a lawyer to "engage in

conduct involving dishonesty, fraud, deceit or misrepresentation."

**6.** SCR 3.130–1.4(b) provides: "[a] lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

**7.** SCR 3.130–5.5(a) provides that a lawyer "shall not practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction."

**8.** *See supra*, n. 4.

**9.** *See supra*, n. 5.

of all letters of notice to the Office of Bar Counsel. Furthermore, to the extent possible, Smith shall immediately cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: June 21, 2012.

/s/ John D. Minton, Jr.
Chief Justice